THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LYLE ALLEN, Defendant-Appellant.

(No. 72-83;

Third District—November 9, 1972.

Dorothy O'Dean, of Rock Island, for appellant.

Donald C. Woolse, State's Attorney, of Galesburg, (Dwight L. Shoemaker, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Knox County. After a bench trial the judge found Lyle Allen, the defendant, "guilty of the offense of OMVI as charged." He was fined $300.00 and costs. Defendant initially contends that the complaint fails to state an offense in violation of section 111—3 of the Code of Criminal Procedure. Ill. Rev. Stat. 1969, ch. 38, par. 111—3.

The ticket complaint charged that defendant drove a motor vehicle upon a public highway in violation of "Section 11—501 I.V.C. by O.M.V.I."

Section 11—501 of The Illinois Vehicle Code (Ill. Rev. Stat. 1969, ch. 95½ par. 11—501), states (a) "No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State."

■■ "O.M.V.I." does not describe this offense.

■■ The People argue that the court can take judicial notice of the fact that the standard arrest abbreviations published by the Federal Bureau of Investigation designates O.M.V.I. as "operating motor vehicle while intoxicated."

■■■ Courts will not take judicial notice of abbreviations peculiar to particular trades or professions, and not known by the general public, or any other abbreviation not in general use. (29 Am.Jur.2d Evidence Sec. 91.) Abbreviations in criminal charges are not favored (*People v. Ocanpo*, 330 Ill.App. 401), they are tolerated only when they are not disputable, well defined and well understood. Abbreviations of words employed in the arts will not answer without full explanation of their meaning in ordinary language. 42 C.J.S. Indictments and Informations Sec. 94.

None of the cases cited by the People stand for the proposition that a conviction based upon a complaint which is fatally defective, in that it fails to allege an offense, will be affirmed on appeal. In *People v. De-*

*Groot,* 108 Ill.App.2d 1, the ticket-complaint was amended before trial; in *People v. Sirinsky,* 110 Ill.App.2d 338, affirmed 47 Ill.2d 183, 266 N.E.2d 340, the caption was allowed to be amended after trial as it was held to be a mere formal defect; in *People v. Casa,* 113 Ill.App.2d 1, the amendment was made prior to trial; in *People v. Haney,* 95 Ill.App. 2d 1, the court held that the term "under the influence of liquor" was descriptive of the same condition as "under the influence of intoxicating liquor"; (*People v. Strongfield,* 37 Ill.App.2d 344), reversed for failure to charge an offense.

■■ It is further argued that defendant should have requested a bill of particulars. A bill of particulars cannot be used to cure a void charge. (*People v. Blanchett,* 33 Ill.2d 527, 535.) Where an accused may, but is not bound to, request a bill of particulars, his failure to demand such a bill does not deprive him of the right to attack the validity of the charge as laid.

The last argument advances a waiver in that the defendant knew full well the charge against him because; the arresting officer informed him that he was being charged with driving under the influence of alcohol; that he retained private counsel who discussed the case with him; that he appeared in court on three different occasions with private counsel and never questioned the meaning of the term O.M.V.I.; that he went to trial with full knowledge and in fact testified that he was not under the influence of intoxicating liquor when driving on the occasion in question.

■■ An indictment or information which charges a crime is an essential preliminary to conviction of one accused of crime, and this requirement cannot be waived, even after conviction, because without a valid charge the court has no jurisdiction of the subject matter. 21 I.L.P. Indictments and Informations Sec. 142; *People v. Heard,* 47 Ill.2d 501, 266 N.E.2d 340.

■■ The People ask leave to amend in this court, citing *Sirinsky, supra.* The complaint in the case at bar is defective in a substantive matter in that it does not allege a criminal offense. Sec. 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 111—5), authorizes amendments at any time because of formal, but not substantive, defects in an indictment, information or complaint. See: *People v. Heard, supra; People v. Tucker* 268 N.E.2d 191; *People v. Leach,* 3 Ill.App.3d 389, 279 N.E.2d 450.

In view of our determination that the complaint is fatally defective we need not consider the other errors assigned.

We reverse the judgment.

Judgment reversed.

STOUDER, P. J., and ALLOY, J., concur.