THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAY E. SMITH, Defendant-Appellant.

(No. 73-57; )

Fifth District—October 19, 1973.

Paul D. Giamanco, of Hanagan, Dousman & Giamanco, of Mt. Vernon, for appellant.

Barry Chafetz, Assistant State's Attorney, of Mt. Vernon, for the People.

Mr. JUSTICE GEORGE MORAN delivered the opinion of the court:

Defendant pled guilty to a complaint charging him with driving under the influence of alcohol or drugs in violation of section 11—501 of the Motor Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501). He appeals from the judgment of the trial court, contending that he pled guilty to a void complaint.

██ The complaint, a traffic citation charged the defendant with "driving while under the influence of alcohol [sic] or drugs in violation of Section 11—501 IVC".

In *People v. Heard,* 47 Ill.2d 501 at 504, our Supreme Court said: "* * * While a charge which follows the language of the statute defining the crime and uses the disjunctive 'or' will be sufficient under some circumstances, it will not be sufficient where the statute names disparate and alternative acts, any one of which will constitute the offense. [Citations.]"

In the instant case the defendant was charged with driving under the influence of alcohol or drugs in violation of section 11—501 of the Motor Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501), which in pertinent part reads:

"(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State.

(b) No person who is an habitual user of or under the influence of any narcotic drug or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle may drive or be in actual physical control of any vehicle within this State. The fact that a person charged with a violation of this subsection (b) is or has been entitled to use such drug under the law of this State does not constitute a defense against any charge of violation of this subsection (b)."

Clearly, the statute here names disparate and alternative acts, either of which would constitute a violation of the statute in question.

The State urges that the need for specificity in a complaint, information and indictment is to properly allow the defendant to prepare his defense and provide him double jeopardy protection (*People v.Griffin*, 36 Ill.2d 430, 223 N.E.2d 158), and cites *People v. Rosenfeld*, 25 Ill.2d 473, 185 N.E.2d 236, for the proposition that the use of the disjunctive "or" in the instant case does not render the complaint defective. However, in *Rosenfeld* the disjunctive was used to charge that the defendant "possessed or had under his control" dangerous drugs. The court held that since the two words joined in the disjunctive were "intimately associated in their meaning" the complaint was not defective. The court also recognized that where this intimate association was not present, the defect is fatal. Certainly the "intimate association" is not present in this case. "Alcohol or narcotic drugs" is a clearly alternative way of invoking the statute and is not an attempt to plug a technical legal loophole caused by legal arguments concerning "possession".

■■ The complaint in this case lacked the necessary certainty to charge an offense and was therefore void and vulnerable to an attack at any time.

It is unnecessary to consider defendant's other allegations of error.

The judgment of the circuit court of Jefferson County is reversed.

Judgment reversed.

EBERSPACHER, P. J., and JONES, J., concur.