THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH H. JOHNSON, Defendant-Appellant.

(No. 72-233; ▮▮▮▮▮▮▮▮▮▮▮

Second District—January 29, 1974.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Cook & Hellyer, of Loves Park (Jack R. Cook, of counsel), for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Stephen A. Frew, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

On February 13, 1972, the defendant was arrested and, by way of an unverified Illinois uniform traffic ticket and complaint form, charged with "driving under influence of liquor or drugs" in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, § 11—501.) On the following day, defendant appeared *pro se* and entered a plea of guilty whereupon the trial court, without any amendment being made to the complaint, entered a conviction for the offense of "driving while under the influence of intoxicating liquor." The defendant was fined $170 plus costs. Almost three months later, defendant filed a motion (under Ill. Rev. Stat. 1971, ch. 110, § 72) to vacate his plea of guilty; the motion was denied.

On appeal, defendant asserts various grounds for reversal. We find it necessary to consider only the claim that the complaint upon which he

stands convicted is void for failure to set forth with certainty the nature and elements of the offense charged.

■■■ In a single count complaint, defendant was charged with offenses provided for under separate paragraphs of the statute (Ill. Rev. Stat. 1971, ch. 95½, § 11—501 (a) and (b)). Each paragraph charges disparate and alternative acts; each sets forth a different offense with differing necessary elements. As a result, we here find that the complaint is void for failure to set forth the nature and elements of the charge with certainty as required by both the federal constitution (amendment VI) and section 111—3(a) (3) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 111—3(a) (3)). See, *People v. Heard,* 47 Ill.2d 501, 504-505 (1970); *People v. Smith,* 15 Ill.App.3d 107, 303 N.E.2d 508, 509 (1973); *People v. Woolfolk,* 11 Ill.App.3d 911, 912-913 (1973).

The judgment of the circuit court is, therefore, reversed.

Judgment reversed.

GUILD, P. J., and SEIDENFELD, J., concur.