THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDMOND K. FEATHERSTONE, Defendant-Appellant.

(No. 12111; )

Fourth District—November 6, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from his conviction upon a jury verdict finding him guilty of "[d]riving while under the influence of liquor or narcotic drug, in the manner and form as charged in the complaint." A fine of $500 was imposed.

The complaint charged violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch 95½, § 11—501), in the language:

"(D)riving while under the influence of intoxicating liquor or narcotic drug, * * * then and there being under the influence of intoxicating liquor or narcotic drug, * * *."

The conviction is reversed upon the authority of *People v. Johnson*, 16 Ill.App.3d 819, 307 N.E.2d 159, and *People v. Smith*, 15 Ill.App.3d 107, 303 N.E.2d 508. In *Johnson*, defendant pleaded guilty to charges in substantially identical language:

"In a single count complaint, defendant was charged with offenses provided for under separate paragraphs of the statute (Ill. Rev. Stat. 1971, ch. 95½, § 11—501(a) and (b)). Each paragraph charges disparate and alternative acts; each sets forth a different offense with differing necessary elements. As a result, we here

find that the complaint is void for failure to set forth the nature and elements of the charge with certainty as required by both the federal constitution (amendment VI) and section 111—3(a) (3) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 111—3(a)(3)). See *People v. Heard*, 47 Ill.2d 501, 504-505 [266 N.E.2d 340] (1970); * * *." 16 Ill.App.3d 819, 820.

The opinions in *Johnson* and *Smith* apply to the rule stated in *People v. Heard*, 47 Ill.2d 501, 266 N.E.2d 340.

The judgment is reversed.

Reversed.

SIMKINS and KUNCE, JJ., concur.