THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES ATWELL, Defendant-Appellant.

Fourth District No. 4—84—0424

Opinion filed December 28, 1984.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

Atwell was convicted of driving while under the influence of alcohol and of driving while the alcohol concentration in his blood or breath was 0.10 or more.

We affirm one.

We vacate the other.

The only contested issues on appeal are whether the complaints stated a criminal offense and sufficiently informed defendant of the charges against him.

Both complaints were in the form of the uniform Illinois Citation and Complaint (Uniform Traffic Ticket), and were dated February 6, 1984. The first one charged defendant with "driving under influence" and cited section 11—501(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)). The second complaint charged defendant with "driving with BAC in excess of .10" and cited section 11—501(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat 1983, ch. 95½, par. 11—501(a)(1)).

I

Defendant argues that the first complaint was defective because it did not charge him with driving under the influence of alcohol or driving under the influence of any other drug. In *People v. Featherstone* (1974), 23 Ill. App. 3d 492, 318 N.E.2d 756, we reversed a conviction where the defendant had been charged with a violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501), by " 'driving while under the influence of intoxicating liquor or narcotic drug, *** then and there being under the influence of intoxicating liquor or narcotic drug.' " (23 Ill. App. 3d 492, 492, 318

N.E.2d 756, 757.) We cited with approval language from *People v. Johnson* (1974), 16 Ill. App. 3d 819, 307 N.E.2d 159, which noted that driving under the influence of alcohol and driving under the influence of a narcotic drug were two separate offenses which were set forth in different paragraphs of section 11—501. It was held in both *Featherstone* and *Johnson* that the complaints were void for failing to set forth the nature and elements of the charge with certainty, as required by the sixth amendment of the United States Constitution and section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 111—3(a)(3)).

Similarly, in *People v. Utt* (1983), 122 Ill. App. 3d 272, 461 N.E.2d 463 (amended 1983, modified on denial of rehearing 1984), the court held that the uniform traffic citation charging the defendant with "driving while under the influence" and citing section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)) was defective. The court observed that section 11—501(a) included the offenses of operating a vehicle with an alcohol concentration in the blood or breath of 0.10 or more, operating a vehicle while under the influence of alcohol, operating a vehicle while under the influence of any other drug or combination of drugs, or operating a vehicle while under the combined influence of alcohol or any other drug.

■■ The complaint in the present case does not suffer the inadequacy of the complaints in *Featherstone, Johnson,* and *Utt*. In those three cases, neither the description of the offense nor the statutory citation informed the defendant whether he was being charged with driving under the influence of alcohol, or of drugs, or of a combination of the two. In the present case, the complaint cited section 11—501(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)), which provides:

> "(a) A person shall not drive or be in actual physical control of any vehicle within this State while:
> * * *
> 2. Under the influence of alcohol."

The citation to section 11—501(a)(2) was sufficient to inform defendant that he was being charged with driving while under the influence of alcohol.

The need to allow leeway in the preparation of uniform traffic tickets was recognized by the supreme court in *People v. Tammen* (1968), 40 Ill. 2d 76, 78-79, 237 N.E.2d 517, 518. The court stated:

> "Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the of-

fense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged."

In *Tammen,* the court held that a uniform traffic ticket charging the defendant with "drag racing" was adequate even though it did not state the nature and elements of the offense charged as required by section 111—3(a) of the Code of Criminal Procedure of 1963. See Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a).

We find in the present case that the description of the offense, when read in conjunction with the statutory provision cited, sufficiently charged defendant with a criminal offense and apprised him of the nature of the offense.

## II

Defendant next argues that the description in the second complaint, which stated "driving with BAC in excess of .10," was inadequate because the abbreviation BAC is meaningless to the general public. Defendant relies on *People v. Allen* (1972), 8 Ill. App. 3d 176, 289 N.E.2d 467, wherein the defendant's conviction for operating a motor vehicle while intoxicated was reversed because the complaint merely alleged a violation of "Section 11—501 I.V.C. by O.M.V.I." (8 Ill. App. 3d 176, 177, 289 N.E.2d 467, 468). The court in *Allen* stated:

"Courts will not take judicial notice of abbreviations peculiar to particular trades or professions, and not known by the general public, or any other abbreviation not in general use. [Citation.] Abbreviations in criminal charges are not favored [citation], they are tolerated only when they are not disputable, well defined and well understood." 8 Ill. App. 3d 176, 177, 289 N.E.2d 467, 468.

In the present case, the description of the offense, as it appears on the complaint, would have informed defendant that he was driving with *something* in excess of 0.10. A reading of the statutory provision cited in the complaint (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(1)) would have informed defendant that the "something" was alcohol concentration. Section 11—501(a)(1) states:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2."

It is true that the abbreviation BAC is somewhat ambiguous because it may be construed as either "blood alcohol content,"

"breath alcohol content," or both. Defendant argues, therefore, that the description of the offense is inadequate because it does not specify whether the alcohol concentration of 0.10 or more appeared in his blood or breath. But the description would have been no more informative if the statute itself had been written word for word on the complaint, for section 11—501(a)(1), which describes a single offense, indicates that the offense occurs when the alcohol concentration is 0.10 or more, regardless of whether the concentration appears in the blood, breath, or both. We do not believe the complaint must show on its face the particular manner in which section 11—501(a)(1) is violated.

We conclude that the description of the offense, when read in conjunction with the statutory provision cited in the complaint, was sufficient to charge defendant with a criminal offense and apprise him of the nature of the charge against him.

## III

Defendant argues that one of the convictions must be vacated because the two offenses were based on the same physical acts. See *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.

■ The State concedes that one of the offenses must be vacated and, since both are Class A misdemeanors, requests that the conviction for driving while under the influence of alcohol be vacated. Defendant does not object to this request.

The conviction for driving with an alcohol concentration in the blood or breath of 0.10 or more is affirmed. The conviction for driving while under the influence of alcohol is vacated.

Affirmed in part, vacated in part.

McCULLOUGH and TRAPP, JJ., concur.