THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES J. SIKES, Defendant-Appellant.

Fourth District    No. 4—85—0716

Opinion filed March 26, 1986.

Richard T. Sikes, of Chicago, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Chase Leonhard and Elizabeth J. Dobson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On June 7, 1985, defendant, James J. Sikes, was charged in the circuit court of Champaign County, by a uniform traffic ticket (103 Ill. 2d R. 552), with the offense of making an improper right turn on June 4, 1985, in violation of section 11—801 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—801). He was found guilty at a subsequent bench trial at which he was not represented by counsel. Subsequently, counsel entered an appearance and filed, on behalf of defendant, timely motions for acquittal, a new trial, and an arrest of judgment. The trial court denied the motions. Defendant has appealed contending: (1) The traffic ticket was insufficiently specific to advise him of the nature of the offense with which he was charged; (2) the proof did not support the conviction; and (3) his constitutional and statutory rights were violated when he was forced to go to trial in the absence of an attorney. We affirm.

The problem in regard to the sufficiency of the charge arises because the uniform traffic ticket with which defendant was charged merely stated that, at a specified time at Bloomington Road and Mattis Avenue in Champaign County, defendant committed a violation stated as "IMPROPER TURN AT INTERSECTION in violation of I.V.C. X, I.R.S. , Chap. , Sec. , Par. 11—801." The charge clearly referred to a violation of section 11—801 of the Illinois Vehicle Code, which involves improper turns at intersections. However, section 11—801 is divided into subsections (a), (b), (c), and (d)(1), (2), each prohibiting slightly different types of conduct. In its entirety, section 11—801 states:

"Required position and method of turning at intersections. The driver of a vehicle intending to turn at an intersection shall do so as follows:

(a) Both the approach for a right turn and a right turn shall be made as close as practical to the right-hand curb or edge of the roadway.

(b) The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

(c) The Department and local authorities in their respective

jurisdictions may cause official traffic control devices to be placed within or adjacent to intersections and thereby require and direct that a different course from that specified in this Section be traveled by vehicles turning at an intersection, and where such devices are so placed no driver of a vehicle shall turn a vehicle at an intersection other than as directed and required by such devices.

(d) Where a special lane for making left turns by drivers proceeding in opposite directions has been indicated by official traffic-control devices, allowing for exceptions which are normal traffic engineering standards:

(1) A left turn shall not be made from any other lane.

(2) A vehicle shall not be driven in the lane except when preparing for or making a left turn from or into the roadway or when preparing for or making a U turn when otherwise permitted by law." Ill. Rev. Stat. 1983, ch. 95½, par. 11—801.

Supreme Court Rule 552 (103 Ill. 2d R. 552) provides for the use of uniform traffic tickets for offenses of the nature involved here. The only supreme court case to speak to the sufficiency of such a ticket is *People v. Tammen* (1968), 40 Ill. 2d 76, 237 N.E.2d 517. There, such a ticket charged a defendant with the offense of "drag racing in violation of section 48" of the then Uniform Act Regulating Traffic on the Highways. Section 48 of that Act concerned reckless driving and section 48.1 prohibited drag racing (Ill. Rev. Stat. 1967, ch. 95½, pars. 145, 145.1). As with the instant offense of "Improper Turn at Intersection," drag racing could be committed in more than one way. Defendant contended that the ticket was insufficient to support the conviction, but the court refused to overturn the conviction on appeal. The court stated:

"Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 (Ill. Rev. Stat. 1967, chap. 38, par. 111—6), the accused may request a bill of particulars which will enable him 'to prepare his defense.' We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there is no objection to the sufficiency of the ticket or request for a bill of particulars, will not be set aside for failure to comply with section [111—

3(a)(3)]." (*People v. Tammen* (1968), 40 Ill. 2d 76, 78-79, 237 N.E.2d 517, 518-19.)

Then, as now, section 111—3(a) of the Code of Criminal Procedure of 1963 required a charge to "[set] forth the nature and elements of the offense charged." Ill. Rev. Stat. 1967, ch. 38, par. 111—3(a).

In *People v. Domovich* (1980), 91 Ill. App. 3d 870, 414 N.E.2d 290, the Second District held a uniform traffic ticket, which charged a defendant with driving a vehicle at a particular time and a particular place when he committed the offense of "Leaving the Scene—Accident" and gave the statutory section of the offense, was sufficient to support a conviction. The court recognized that the defendant had made a motion to dismiss at the close of the evidence alleging the failure of the ticket to state a crime. The *Domovich* court interpreted *Tammen* to hold that in the "narrow class of traffic cases" the rights of a defendant to the full protections of section 111—3 of the Code of Criminal Procedure of 1963 "must be exercised prior to trial." 91 Ill. App. 3d 870, 873, 414 N.E.2d 290, 291.

In contending that the uniform traffic ticket here was insufficient to charge a crime, defendant relies on (1) *People v. Green* (1938), 368 Ill. 242, 13 N.E.2d 278, where the charge was an information and, as here, the sufficiency of the charge was raised for the first time by a motion in arrest of judgment; (2) *People v. Fox* (1983), 117 Ill. App. 3d 1084, 454 N.E.2d 824, where the charge was an information, and the sufficiency was raised by a motion pretrial; (3) *People v. Utt* (1983), 122 Ill. App. 3d 272, 461 N.E.2d 463, where the charge was by uniform traffic ticket, and the defect, challenged pretrial was, as contended here, that the statutory section cited involved too many offenses; and (4) *People v. Featherstone* (1974), 23 Ill. App. 3d 492, 318 N.E.2d 756, where the charge was a complaint having the same type of defects as that in *Utt*, but the opinion does not say when the sufficiency of the complaint was first called into question.

We agree with *Domovich* that the intent of *Tammen* was to give special leeway to the pleader in cases tried on a uniform traffic ticket where the sufficiency of the charge is not raised before trial. The *Tammen* court recognized that the drafter of such ticket is usually one whose major responsibilities and training are along other lines. That court also recognized that a defendant, dissatisfied with the charge, has an opportunity to seek a bill of particulars. Significantly, a defendant can also request a formal verified complaint. Ill. Rev. Stat. 1983, ch. 38, par. 111—3(b).

In *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, the supreme court held that when the sufficiency of a charge is raised for

the first time on appeal, the charge is sufficient if it enables the accused to prepare his defense and is sufficient to plead in bar of further action. In *People v. Smith* (1984), 99 Ill. 2d 467, 459 N.E.2d 1357, the court refused to extend that rule to a case where, as here, the sufficiency of the charge had been attacked by a motion in arrest of judgment. The court reasoned that the legislative determination set forth in section 116—2(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 116—2(b)) that judgment shall be arrested when "[t]he indictment, information, or complaint does not charge an offense" prevented the court from utilizing the *Gilmore* rule.

In granting special dispensation to uniform traffic tickets in *Tammen*, the supreme court did not mention the right to have judgment arrested under section 116—2 as an added protection to a defendant charged by a uniform traffic ticket which does not meet the requirements for an indictment, information, or complaint. If that remedy were available to the same extent in regard to traffic tickets as to the foregoing types of charges, the holding of *Tammen* would be of little significance. We agree with *Domovich* that *Tammen* required pretrial contest of the sufficiency of a uniform traffic ticket in order to require it to meet the muster required of other charges.

■ Defendant was charged with a petty offense (Ill. Rev. Stat. 1983, ch. 95½, par. 16—104(a)) for which a fine not to exceed $500 plus a 10% surcharge could be imposed (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1(a)(4)). The uniform traffic ticket with which the charge was made informed him that he had made an improper turn at an intersection. The ticket did not tell him in which direction he was alleged to have turned. That was a detail he could have learned by a bill of particulars and did not prevent him from preparing a defense. Clearly, he could plead his conviction as a bar against any charge that he made an improper turn at the intersection of Bloomington Road and Mattis Avenue at the time in question. Because of the informality permitted of uniform traffic tickets drafted by police officers, any insufficiency in the ticket here was not reached by a motion in arrest of judgment and does not require us to set aside defendant's conviction.

■ We consider next the sufficiency of the proof to support the conviction. The evidence was undisputed that defendant was traveling in a northerly direction on Mattis Avenue, made a right turn at Bloomington Road, crossed the center line of Bloomington Road and collided with a semitrailer which was in the westbound lane of Bloomington Road. Defendant admitted that he lost control of his vehicle but explained it on the basis that: (1) the turn was at a hard angle and on a steep incline; (2) he was driving a new car with which he was not famil-

iar; and (3) rain was falling. On cross-examination by the defendant, one State's witness described defendant's speed as "moving along pretty good hickory." A police officer called to the scene testified that when interviewed, defendant admitted that he had been traveling "a little too fast."

Section 11—801(a) of the Illinois Vehicle Code states that in making a right turn at an intersection, the driver shall make the turn "as close as practical to the right hand curb or edge of the roadway." (Ill. Rev Stat. 1983, ch. 95½, par. 11—801(a).) The evidence indicated that defendant was as close as possible to the right-hand curb as he left Mattis Avenue, but he failed to stay as close as necessary to the right hand curb of Bloomington Road as he went into the lane for traffic heading in the opposite direction on Bloomington Road.

Under the evidence presented, the trial court could have properly found beyond a reasonable doubt that defendant violated section 11—801(a).

■ Finally, we confront the troublesome question of defendant's contention that the court should not have required him to proceed without counsel. As early as July 23, 1985, defendant had been advised of his trial date of August 6, 1985. Prior to time of trial, defendant made no motion for a continuance. Upon the case being called, defendant stated to the court:

"I would like to request a continuance at this time. My lawyer was unable to be here today. He had prior commitments in Chicago."

The trial court pointed out that no lawyer had entered an appearance, and the prosecutor stated that one of the State's witnesses was an interstate trucker who had made special arrangements to be there. The court denied defendant's request for a continuance and ordered the trial to proceed.

The record does not indicate: (1) whether defendant actually had counsel employed as he represented to the court on date of trial; (2) that such an attorney or the defendant made any effort to contact the prosecutor to inform the prosecutor of any unavailability of counsel on the day scheduled for trial; or (3) that any prior motion for continuance was made on behalf of defendant. The problems of operating any branch of a trial court are substantial if a defendant can be excused from going to trial on a scheduled date by merely appearing on the date and advising the court that his counsel is too busy to appear on that date. In cases where the defendant is subject to imprisonment upon conviction, the decisions of courts of review in this State would seem to indicate that the court must subordinate the interests of effi-

cient operation and fairness to witnesses to the protection of the sixth amendment rights of the defendant (U.S. Const., amend. VI), at least under circumstances where the defendant is requesting a continuance for the first time. *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116; *People v. Williams* (1981), 96 Ill. App. 3d 519, 421 N.E.2d 551; *People v. Carter* (1977), 52 Ill. App. 3d 508, 367 N.E.2d 791.

The instant case differs from those described above in that the defendant here was not subject to loss of liberty but only to a fine. (*Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158.) Whether the general constitutional right to retained counsel is as limited as the right to appointed counsel, when indigent, is uncertain. (See 2 W. La Fave & J. Israel, Criminal Procedure sec. 11.1 (1984).) The holding in *Johnson v. Zerbst* (1937), 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, providing that counsel in a criminal case cannot be dispensed with in the absence of a knowing and understanding waiver was limited by the language of the opinion to cases where the life or liberty of the defendant is involved. Similarly, the requirement of Supreme Court Rule 401 (103 Ill. 2d R. 401) for open court admonishments prior to waiver of counsel in a criminal case is limited to cases where the accused is subject to imprisonment.

We conclude that the body of law described in *Green, Williams,* and *Carter*, requiring courts to exercise extreme forbearance when defendants are dilatory in seeking continuance because of lack of counsel, is not applicable to cases where neither the defendant's life nor his liberty are in jeopardy. This is such a case. Defendant had two weeks' notice of the trial date. Even after the case was over, he made no proof that he actually had an attorney hired, or, if he did, he had obtained counsel early enough that the counsel could request a continuance if he had pressing business on the day of the hearing. No showing was made as to the nature of the supposed counsel's pressing business.

It is well recognized that, of necessity, cases involving offenses of the nature here must be handled in large volume. Efficiency is important, but due process must not be abridged. However, that does not occur when, as here, a litigant has reasonable notice of a proceeding and requests a continuance on the day of hearing without any showing of diligence, is required to proceed in the absence of counsel, and after conviction does not support his post-trial motion by any showing of diligence. Defendant's right to counsel was not abridged here.

As previously indicated, we affirm.

Affirmed.

WEBBER and SPITZ, JJ., concur.