THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN CAPPORELLI, Defendant-Appellant.

First District (2nd Division)   No. 85—1623

Opinion filed October 14, 1986.—Rehearing denied November 12, 1986.

Frank Celani, of Lansing, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE STAMOS delivered the opinion of the court:

Defendant was found guilty in a jury trial of driving a motor vehicle while the alcohol concentration in his blood was more than .10 as measured by breath units and driving while his license was suspended. He was found not guilty of driving while under the influence of alcohol. He was sentenced to a one-year term of conditional discharge plus a $500 fine in respect to the blood-alcohol concentration count and to a one-year term of conditional discharge, $200 fine and two weekends in the Cook County department of corrections in respect to the driving-while-license-suspended count.

Defendant now appeals alleging that: (1) the trial court abused its discretion in denying defendant's motion for severance; (2) the trial court committed reversible error in failing to grant defendant's motion in arrest of judgment; (3) the trial court abused its discretion when it allowed the State to amend its complaint; (4) the trial court abused its discretion by refusing to admit evidence of improvements made in later Intoxilyzer models; and (5) the trial court abused its discretion when it failed to give defense instruction No. 14.

On July 29, 1984, at approximately 7:15 p.m., defendant was involved in an auto accident with Ted Crasinski near Burnham Avenue and Rush Street in Calumet City. Also involved in the accident was Nicole Jarworski, who was struck by defendant's car while riding her bike. Officer Edwin Crowley arrived at the accident scene shortly after 7:15 p.m. Defendant told Officer Crowley he did not have a driver's license. Crowley observed that defendant's speech was slurred and mush mouthed and that he staggered as he walked. At this point Crowley informed defendant that he was being arrested for driving under the influence of alcohol. Defendant was later transported to the police station.

At the station, Crowley checked the status of defendant's driver's license via computer. He learned that defendant's license was suspended. Crowley, who is also a licensed breathalyzer operator, tested defendant on the Intoxilyzer Model 4011 breathalyzer machine. This was an authorized device for testing breath samples in Illinois and was in proper working order. The machine's print-out registered a .11 alcohol content. Defendant was charged with driving while under the influence of alcohol, driving while his license was suspended and driving a motor vehicle while the alcohol concentration in his blood was more than .10. Thereafter, defendant moved to sever the driving-while-license-suspended count from the remaining counts for trial. His motion was denied.

During the trial, the prosecution moved to amend the blood-alcohol

*per se* count by adding the words "as measured by breath units." Over defendant's objection, the State was granted leave to amend the complaint. The complaint as amended read: "driving a motor vehicle while alcohol concentration in blood is more than .10 *as measured by breath units.*" (Emphasis added.) Subsequently, defendant filed a motion in arrest of judgment alleging that the complaint, as amended, failed to state an offense, or in the alternative, if it did state an offense, the statute was being given an unconstitutional interpretation. The motion was denied.

Dr. Jorge Pirl, assistant chief toxicologist for the Illinois Department of Public Health, testified that the Intoxilyzer Model 4011 had an accuracy range of plus or minus 10%. While on the other hand, Gil Sapir, author of several published works on the breathalyzer, testified that the Intoxilyzer Model 4011 is subject to a 14% error.

Defendant attempted to introduce testimony as to improvements made to later models of the Intoxilyzer. The court refused to allow such testimony to be admitted into evidence because it determined that improvements of later models were not relevant. During the instruction conference, defense counsel tendered instruction No. 14, eliciting the elements of the *per se* offense. The trial court refused to give such instruction.

The trial court did not abuse its discretion in denying defendant's motion for severance. The trial court may order two or more separately charged offenses to be tried together if the offenses are: (a) based on the same act, or (b) based on two or more acts which are part of the same comprehensive transaction. (Ill. Rev. Stat. 1983, ch. 38, par. 111—4(a); *People v. Henderson* (1976), 36 Ill. App. 3d 355, 385, 344 N.E.2d 239.) However, joinder of related charges is not allowed where it would result in prejudice to defendant. Ill. Rev. Stat. 1981, ch. 38, par. 114—8; *People v. Edwards* (1976), 63 Ill. 2d 134, 140, 345 N.E.2d 496.

Such prejudice exists when joinder results in the improper admission of evidence of other crimes. (*People v. Edwards* (1976), 63 Ill. 2d 134, 140, 345 N.E.2d 496.) The admission into evidence of the conviction of other crimes may involve a significant risk that a jury will rely on such convictions in determining defendant's guilt or innocence on an unrelated matter. *People v. Edwards* (1976), 63 Ill. 2d 134, 139, 345 N.E.2d 496.

In *Edwards*, defendant was charged in a three-count indictment with one count of armed robbery and two counts of unlawful use of weapons. The third and last count of the indictment, alleging felonious unlawful use of weapons, required the prosecution to prove that

defendant previously had been convicted of burglary. After the court indicated that the entire indictment, including the previous burglary conviction, would be read to the jury, defendant moved for severance of the third count from the other two counts. The trial court refused to grant the severance. The Illinois Supreme Court held that the trial court abused its discretion in failing to grant defendant's motion. The court concluded that joinder of the counts of armed robbery and felonious unlawful use of weapons created a strong possibility that defendant would be prejudiced in his defense of the armed-robbery charge based on the admission into evidence of the previous burglary conviction. *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496.

In the instant case, defendant was charged with driving under the influence of alcohol, driving a motor vehicle while his alcohol concentration was more than .10, and driving with a suspended license. Defendant moved to sever the count of driving while license suspended from the remaining counts. The trial court denied his motion. Defendant now appeals that ruling alleging that introduction into evidence of defendant's license suspension carries an implication that defendant had committed and was convicted of past crimes. Therefore, defendant claims that he was prejudiced in defense of the charge of driving a motor vehicle while alcohol concentration in blood is more than .10.

Defendant has failed to establish sufficient grounds for severance. Here, unlike *Edwards*, the prosecution never intended and in fact did not state to the jury that defendant had any previous convictions. The jury was left merely to speculate as to the basis of the license suspension. Yet, the mere apprehension that joinder may result in prejudice, without a showing that such apprehensions are well founded, is an insufficient ground for severance. (*People v. Olbrot* (1982), 106 Ill. App. 3d 367, 372, 435 N.E.2d 1242.) Thus, mere speculation by a jury of possible past convictions of defendant is not sufficient to establish prejudice. (See *People v. Moore* (1978), 65 Ill. App. 3d 712, 719, 382 N.E.2d 810.) Accordingly, the trial court did not abuse its discretion in failing to grant a severance of the charges sought by defendant.

■■■ Second, defendant alleges that the trial court committed reversible error in failing to grant defendant's motion in arrest of judgment where the complaint, as amended, failed to state an offense or, in the alternative, the trial court's interpretation of section 11—501(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(1)) was unconstitutional. Section 11—501(a)(1) provides:

"Driving while under the influence of alcohol, other drug, or combination thereof.

(a) A person shall not drive or be in actual physical control of

any vehicle within this State while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2."

Section 11—501.2(5) contains the definition of blood and breath units referred to in section 11—501(a)(1) and provides:

"5. Alcohol concentration shall mean either grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath."

Defendant was originally charged with having violated section 11—501(a)(1) of the Vehicle Code, in that he was "driving a motor vehicle while alcohol concentration in the blood is more than .10." Over defendant's objection, the State was granted leave to amend the complaint. The complaint as amended reads: "driving a motor vehicle while alcohol concentration in blood is more than .10 *as measured by breath units*." (Emphasis added.)

Defendant contends that section 11—501(a)(1) of the Vehicle Code creates two separate *per se* offenses: the blood-alcohol concentration *per se* case and the breath-alcohol concentration *per se* case. Defendant further asserts that the amended complaint fails to state either offense but is rather a hybrid of the two offenses. Defendant's contention lacks merit.

Section 11—501(a)(1) states only one offense, driving under the influence of alcohol. The statute requires that a person be in control of a vehicle and have a blood-alcohol concentration of .10 or more. The alcohol concentration being measured is the level of alcohol in the person's blood. (*People v. Ziltz* (1983), 98 Ill. 2d 38, 43, 455 N.E.2d 70; *People v. Atwell* (1984), 129 Ill. App. 3d 724, 727, 728, 473 N.E.2d 89; *People v. Graven* (1984), 124 Ill. App. 3d 990, 993, 464 N.E.2d 1132.) The statute has provided two ways to measure the level of blood-alcohol concentration: one by blood, by means of a blood test; the other by breath, by means of a breathalyzer test. (*People v. Atwell* (1984), 129 Ill. App. 3d 724, 727, 728, 473 N.E.2d 89. See *People v. Stringfield* (1962), 37 Ill. App. 2d 344, 346, 345 N.E.2d 220 (breathalyzer measures the alcohol content in person's bloodstream).) Section 11—601(a)(1) describes a single offense requiring an alcohol concentration of .10 or more, regardless of whether the concentration appears in blood, breath or both. (*People v. Atwell* (1984), 129 Ill. App. 3d 724, 473 N.E.2d 89.) Given that section 11—501(a)(1) states a single offense, defendant cannot claim that he was charged with a hybrid of two offenses. Rather, the amended complaint merely described the manner in which the State intended to show that defendant's alcohol concentration was .10 or

more.

Defendant contends that the court gave an unconstitutional interpretation of section 11—501.2(5) which resulted in creation of an irrebuttable presumption that blood-alcohol concentration may be measured by using a fixed ratio of 2,100 breath units per one blood unit. More specifically, defendant claims that his due process rights were violated because the court failed to acknowledge that some members of the scientific community do not believe that the ratio between deep lung air and blood (2,100 to 1) is constant in all persons at all times. Defendant's expert witness concluded that the ratio is not always fixed and the range of possible ratios results in a 14% chance of error. On the other hand, the prosecution's expert witness testified that the chance of error was 10%. Defendant's argument lacks merit.

The statutory scheme in question provides that chemical analysis of the alcohol concentration in a person's blood or breath shall be admissible when the individual's blood, urine, breath or other bodily substance is examined. The methods or techniques used to measure the person's blood-alcohol concentration must be "performed according to standards promulgated by the Department of State Police by an individual possessing a valid permit issued by the Department for this purpose." Moreover, the Illinois Department of Public Health must also certify the accuracy of the breath-testing equipment being used. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2.) As noted previously, the legislature has provided that blood-alcohol concentration is to be measured by grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath. By implication then, the relationship between breath-alcohol concentration and blood-alcohol concentration is 2,100 to 1. In fact, the breath-testing equipment used in this case, the Intoxilyzer Model 4011, incorporates the 2,100 to 1 ratio in computing the person's blood-alcohol concentration.

The test for judicial review of such legislation is whether a rational basis supports it. (*Illinois Norml, Inc. v. Scott* (1978), 66 Ill. App. 3d 633, 639, 383 N.E.2d 1330.) Where the existence of scientific evidence supports such legislation, even though disputed by other studies, a rational basis has been established and the legislation should be upheld. (66 Ill. App. 3d 633, 639, 383 N.E.2d 1330.) A rational basis exists here. It is well settled that courts may take judicial notice of results of chemical tests used to determine intoxication even absent unanimity as to the accuracy of those tests. (*People v. Bobczyk* (1951), 343 Ill. App. 504, 510, 99 N.E.2d 567; see *People v. Barbic* (1969), 105 Ill. App. 2d 360, 370, 244 N.E.2d 626 (trial court allowed to take judicial notice of accuracy of radar detector even though the possibility of

error existed).) (See *People v. Kappas* (1983), 120 Ill. App. 3d 123, 129, 458 N.E.2d 140 (evidence of blood-alcohol reading from breathalyzer test is admissible despite the possibility of error due to delay in test being given).) Objections as to accuracy go to the weight of the evidence and do not destroy its admissibility. (*People v. Bobczyk* (1951), 343 Ill. App. 504, 510, 99 N.E.2d 567.) Given the substantial support for acceptance of the scientific principles and the methods approved of by the legislature in measuring blood-alcohol concentration, it cannot be said that the legislature's provisions are irrational.

■ Defendant next contends that the trial court abused its discretion and committed reversible error when it allowed the State to amend its complaint. Section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 111—5) permits amendments of a complaint at any time. However, if the defect in the original complaint was "material," "fundamental," "substantive," or related to an "essential" part of the complaint, the complaint cannot be amended. (*People v. Ward* (1981), 95 Ill. App. 3d 283, 287, 419 N.E.2d 1240.) The trial court did not abuse its discretion in allowing an amendment to the complaint because such amendment merely cured a "formal defect" in the complaint.

In the instant case, the original complaint was not substantively changed by the amendment. The amendment to the complaint merely added the words "as measured by breath units." Thus, the amendment to the complaint merely specified the method by which the State measured the defendant's alcohol concentration. It cannot be said that this amendment prejudiced defendant. Defendant knew that the State had given him a breathalyzer test and not a blood test. Moreover, defendant had presented expert testimony as to the accuracy of the breath-measuring machine used against him. Therefore, defendant cannot claim that the trial court abused its discretion in allowing the State to amend its complaint or that he was prejudiced by such amendment.

■ Defendant next contends that the trial court abused its discretion and committed reversible error by refusing to admit defendant's additional evidence concerning the accuracy of the breathalyzer machine. Defendant was not allowed to bring in evidence of improvements contained in Intoxilyzers manufactured after the Omicron Intoxilyzer Model No. 4011, the model used to test defendant's breath in the instant case. Although the trial court abused its discretion, this did not constitute reversible error.

■ Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in controversy more or less probable. (*Marut v. Costello* (1966), 34 Ill. 2d 125, 128, 214 N.E.2d

768.) Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence. (*People v. Monroe* (1977), 66 Ill. 2d 317, 322, 362 N.E.2d 295.) The fact to be proved may be ultimate, intermediate, or evidentiary, so long as it is of consequence in the determination of the action. *People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.

In the instant case, a matter in controversy was the accuracy of the Omicron Intoxilyzer Model 4011. This machine's accuracy was of consequence to the determination of the action for its reading of defendant's blood-alcohol concentration was introduced into evidence by the prosecution to prove that defendant committed the offense charged. That improvements were subsequently made on the model used in this case was certainly relevant to prove that the Intoxilyzer Model 4011 was inaccurate. However, the failure of the court to admit testimony as to the two later improvements on an Intoxilyzer machine did not constitute prejudice against defendant where the probative value of such evidence was slight in comparison to the evidence of the machine's inaccuracy which was already introduced during trial.

▪ Defendant next contends that the trial court abused its discretion and committed reversible error when it failed to give defense instruction No. 14. Defendant contends that failure to tender such instruction resulted in the lack of any instruction being given on the *per se* count. An instruction eliciting the *per se* count was given.

The court is under a duty to instruct the jury as to the elements of the crime for which the defendant was charged. (*People v. Davis* (1966), 74 Ill. App. 2d 450, 454, 221 N.E.2d 63.) Jury instruction No. 13, tendered by defendant, sufficiently informed the jury of the *per se* charge against defendant. Jury instruction No. 13 provided: "A person commits the offense of driving with an alcohol concentration in his blood of .10 or more when he drives any vehicle while the alcohol concentration in his blood or breath is .10 or more." Therefore, the trial court did not abuse its discretion when it failed to give defense instruction No. 14.

In light of the foregoing, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.