THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY A. THORSON, Defendant-Appellant.

Second District   No. 85—0673

Opinion filed July 23, 1986.

John F. Donahue, of Oak Brook, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, William L. Browers, of State's Attorneys Appellate Prosecutor, of Elgin, and Ronald S. Shapiro, of Northbrook, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendant, Stanley A. Thorson, was charged with improper lane usage (Ill. Rev. Stat. 1985, ch. 95½, par. 11—701), driving while under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)), and driving while under the influence of alcohol with an alcohol concentration in the blood of .10% or more (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(1)). Defendant was found guilty after a bench

trial. Judgment was entered only on improper lane usage and driving with an alcohol concentration in the blood of .10% or more. Defendant was sentenced to one year's probation, was fined $500, and was ordered to submit to alcohol counseling.

Defendant was arrested on April 1, 1984. The first court date was April 26, 1984, and the case was first scheduled for trial for September 5, 1984. On June 7, 1985, defendant moved to dismiss on the basis that Supreme Court Rule 504 (87 Ill. 2d R. 504) was not complied with. The court denied the motion because the volume of driving-under-the-influence and associated cases in that judicial district made it impractical to determine the merits of a driving-under-the-influence case within the 49-day period of Rule 504.

Jonathan Alto testified that on April 1, 1984, at approximately 1:10 a.m. he was driving east on Butterfield Road, a two-lane road, when he observed defendant's vehicle westbound heading towards him. He drove off to the left side of the road because defendant came into his lane.

Officer Gary E. Murray testified that about 1:10 a.m. he spoke to defendant and noticed an alcoholic odor on defendant's breath, slurred speech, glassy eyes, and that defendant swayed from side to side. Defendant fell when he started up a small embankment. He then arrested defendant for improper lane usage and for driving under the influence. Defendant agreed to take a test of his breath, but the intoxilizer machine would not work, so the officer prepared the breathalyzer machine for operation. Defendant was not readvised of his rights. The officer administered the breathalyzer test to defendant at 2:15 a.m., and the result was .18. In response to questioning, defendant stated that he drank eight or nine beers but that he was not under the influence of intoxicating liquor. He also stated he limped because of an injured leg.

Defendant testified that he slipped on wet grass. His right leg has been broken twice, and sometimes the joint in his ankle gets stiff. He denied being intoxicated at 1 a.m.

■ Defendant first argues that the trial court erred by violating Supreme Court Rule 504 (87 Ill. 2d R. 504). Rule 504 provides in part:

> "The date set by the arresting officer for an accused's appearance in court shall be not less than 14 days but within 49 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer."

Although defendant was given an appearance date of May 2, 1984, by the traffic tickets issued on April 1, 1984, defendant was given a court date of April 26, 1984, by the bail bond. The time limits of Rule 504 therefore were complied with. Furthermore, defendant failed to appear on April 26, 1984. Defendant cannot complain that he was not given a trial on the date set by the arresting officer when he failed to appear. In any event, Rule 504 only sets forth a policy, and the trial court did not err in denying defendant's motion to dismiss for the reason that the court docket's volume made it impracticable to fulfill Rule 504's policy.

■ Defendant challenges the admissibility of the results of his breathalyzer test on the basis that he was not requested to take the second test and that without a request he did not consent. However, consent is implied (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a)), so that there need not be an affirmative showing of consent. Section 11—501.1(c) requires that "[a] person requested to submit to a test *** shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in suspension ***." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) The statute contemplates a request, but we interpret it as not requiring a redundant request after a first request has been made and complied with. No purpose would be served by requiring a second request under these circumstances. As there is no evidence the defendant refused to submit to the second test, there was no basis to suppress the evidence of the test results.

■ Defendant argues that he was not under the influence of alcohol at the time of his arrest. Defendant refers to the observations of his behavior made by the arresting officer and argues that his behavior could have been attributed to causes other than the influence of alcohol. The arresting officer's observations of defendant's behavior relate to the section 11.501(a)(2) offense of driving while under the influence of alcohol; however, judgment was not entered on that offense. Defendant was convicted pursuant to section 11—501(a)(1) of the Illinois Vehicle Code, which prohibits the driving of a car by a person whose blood alcohol concentration is .10% or more. (Ill. Rev. Stat.1983, ch. 95½, par. 11—501(a)(1).) This is a strict-liability offense, and the State must prove only that defendant was operating a vehicle and had a blood alcohol concentration of over .10%. (*People v. Ziltz* (1983), 98 Ill. 2d 38, 43, 455 N.E.2d 70, 73.) As there was evidence that defendant was driving and his blood-alcohol concentration was .18%, defendant was proved guilty beyond a reasonable doubt.

■ Defendant finally argues that he should have received a sen-

tence of supervision rather than one year's probation, a $500 fine, and alcohol counseling. However, section 5—6—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(d)) prohibits an order of supervision for a defendant charged with violating section 11—501 of the Illinois Vehicle Code if he has previously been assigned to supervision for a violation of section 11—501. As defendant received a supervision for driving under the influence on April 24, 1980, he was ineligible for supervision in the instant section 11—501 case. Defendant argues that section 5—6—1(d) does not apply as it is an *ex post facto* law because it was effective January 1, 1984, *i.e.,* after his first section 11—501 case and before the present case. The supreme court has recently determined this issue against defendant. (*People v. Coleman* (1986), 111 Ill. 2d 87, 488 N.E.2d 1009.) Therefore defendant's sentence is affirmed.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.