THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JERRY J. MANNINO, Defendant-Appellee.

Second District   No. 2—88—0515

Opinion filed June 6, 1989.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the circuit court which rescinded the statutory summary suspension of the driver's license of the defendant, Jerry Mannino. The State's sole contention in this court is that the trial court erred in rescinding the summary suspension because the court improperly concluded that the ".18 percent" figure contained on the breathalyzer printout form fell below the statutory "0.10" threshold of alcohol concentrate in the defendant's breath necessary to establish the statutory offense of operating a motor vehicle with an alcohol concentration in excess of .10 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)).

The defendant has filed a cross-appeal in which he "seeks to have the [trial court's] findings affirmed." We note that the long-standing rule in this State is that a party in whose favor a judgment is entered may not file or prosecute a cross-appeal that is designed solely to sustain the judgment of the trial court. (See *Bullman v. Cooper* (1936), 362 Ill. 469, 471-72, 200 N.E. 173, 175.) Rather, the necessity of filing a cross-appeal arises only in situations where the appellee requests the reversal or modification of the judgment below. (*Mid-West National Bank v. Metcoff* (1974), 23 Ill. App. 3d 607, 610, 319 N.E.2d 336, 339-40.) In any event, the defendant in this case has not perfected his unnecessary cross-appeal because he did not file a brief in this court. (*Zydzik v. Schiff* (1969), 116 Ill. App. 2d 163, 167-68, 253 N.E.2d 475, 477.) Therefore, we review the merits of the State's appeal pursuant to the standards our supreme court enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493.

The State charged the defendant with two counts of driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—

501(a)(1), (a)(2)) as a result of an incident that took place in Westmont, Illinois, on March 23, 1988. After the Secretary of State summarily suspended the defendant's driver's license in accordance with section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(e)), the defendant requested and received a judicial hearing to contest the statutory summary suspension of his license (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b)).

The few facts that are relevant to the issue presented for our consideration are undisputed. At approximately 10:25 p.m. on May 23, 1988, Officer Thomas Mulhern of the Westmont police department gave the defendant a breathalyzer test. The officer is a State-certified breath operator; according to Mulhern, the breathalyzer machine he used was certified within 45 days prior to and after the defendant submitted to the test and conformed with the testing standards of the Illinois Department of Public Health.

After the defendant gave a breath sample, the machine yielded both printed and visual displays of the result of the test. Both displays indicated the same result, ".18," and the officer explained that this figure represented the alcohol level in the defendant's breath sample. The officer was not sure, however, whether the visual display contained a percentage symbol behind the two numerals. Although both parties introduced into evidence as an exhibit the written printout of the breathalyzer test, the record on appeal does not contain either exhibit. However, the officer's sworn report (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(d)) indicates that the breathalyzer test disclosed an alcohol concentration of ".18%," and a fair inference from the remarks of the assistant State's Attorney and the court is that the written printout also contained the same ".18%" notation.

After holding the hearing summarized above, the trial court rescinded the statutory summary suspension of the defendant's driver's license. In reaching its decision, the court emphasized that the documents before it contained a reading of .18% and that the statute in question (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)) did not contain any reference to percentages of breath-alcohol concentrate. The court opined that adding a percentage symbol to .18 converted that figure to .0018 and that .0018 was less than the statutory threshold of .10. The State filed a timely notice of appeal.

Section 11—501(a)(1) of the Illinois Vehicle Code provides:

"Driving while under the influence of alcohol, other drug or combination thereof. (a) A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) The alcohol concentration in such person's blood or breath is *0.10* or more based on the definition of blood and breath units in Section 11—501.2." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1).

■■ Section 11—501.2(a)(5), which contains the definition of the blood and breath units to which section 11—501(a)(1) makes reference, states:

"5. Alcohol concentration shall mean either grams of alcohol per 100 millileters of blood or grams of alcohol per 210 liters of breath." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(a)(5).)

It is clear then that, when sections 11—501(a)(1) and 11—501.2(a)(5) are construed together, the statutory language establishes a formula that calculates the grams of alcohol present in a person's breath and that breath unit is the number of grams of alcohol per 210 liters of breath. *People v. Graven* (1984), 124 Ill. App. 3d 990, 993-94, 464 N.E.2d 1132, 1134-35.

■ Although our research has not disclosed any case which has addressed the present issue, we are satisfied, after an examination of the statutory framework, the relevant case law and the pertinent Illinois Pattern Jury Instructions we discuss below, that the mere placing of a percentage sign behind a numerical figure which itself is above the .10 statutory threshhold does not automatically invalidate an otherwise proper breathalyzer test and result.

The offense described in section 11—501(a)(1) occurs when the alcohol concentration in the accused's blood or breath, or both, is .10 or greater. (*People v. Capporelli* (1986), 148 Ill. App. 3d 1048, 1053, 502 N.E.2d 11, 14; *People v. Atwell* (1984), 129 Ill. App. 3d 724, 728, 473 N.E.2d 89, 92.) Our supreme court has declared that the legislature's obvious intent "in enacting section 11—501(a)(1) was to impose a strict liability on drivers found to be impaired by an alcohol concentrate of *0.10%* or above." (Emphasis added.) (*People v. Ziltz* (1983), 98 Ill. 2d 38, 42, 455 N.E.2d 70, 72.) Although the statute under review in *Ziltz*, as is the enactment in this cause, prescribed .10 as the requisite level of alcohol concentration needed to establish the offense, the court, nonetheless, stated that the State had to establish that the defendant's level of alcohol was in excess of *.10%*. (98 Ill. 2d at 43, 455 N.E.2d at 72; accord *People v. Thorson* (1986), 145 Ill. App. 3d 764, 767, 496 N.E.2d 304, 306.) We stress, also, that the current Illinois Pattern Jury Instructions, which respectively define the offense in question, state the issues implicated in the charge and set forth the presumptions that may obtain all use the language "0.10 *per cent* or more." (Emphasis added.) Illinois Pattern Jury In-

structions, Criminal, Nos. 23.04E, 23.04F, 23.06 (2d ed. Supp. 1989).

■ In this case, as Officer Mulhern related, the result of the breathalyzer test was .18, an amount which exceeded the .10 threshold of alcohol concentrate set forth in the statute. The mere fact that the officer's sworn report and the breathalyzer printout contained a percentage symbol added to those numbers does not undermine either the unchallenged accuracy of the test or the numerical result the test revealed. In light of the facts of this case, whether the result of the breath-alcohol test is stated as .18 (*People v. Kurtz* (1988), 171 Ill. App. 3d 1068, 1069, 526 N.E.2d 540, 541) or .18% (*People v. Thorson* (1986), 145 Ill. App. 3d 764, 766-67, 496 N.E.2d 304, 306) is unimportant in our view. It is apparent that the two numerical formulas used to indicate the results of such a breathalyzer test were and continue to be employed interchangeably and are functional equivalents for the purposes of section 11—501(a)(1). We reach this conclusion in spite of the terse statement in *People v. Hester* (1988), 178 Ill. App. 3d 360, 391, 532 N.E.2d 1344, 1362, that " '.10 percent' and '.10' are not the same."

■ We are not required to serve as an advocate for the appellee, who has declined to file a brief in support of the trial court's judgment, and as the appellant's brief demonstrates *prima facie* reversible error (see, *e.g.*, *People v. Thorson* (1986), 145 Ill. App. 3d 764, 767, 496 N.E.2d 304, 306), we reverse the judgment of the trial court. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493, 495.

The judgment of the trial court is reversed.

Reversed.

UNVERZAGT, P.J., and INGLIS, J., concur.