JAMES H. STACKE, as Ex'r of the Estate of George A. Bates, Deceased, Plaintiff-Appellee, v. MARY LUISE BATES, Defendant (Narusis and Narusis *et al.*, Petitioners-Appellants).

Second District  Nos. 2—91—0360, 2—91—0689 cons.

Opinion filed March 13, 1992.

Regina F. Narusis, of Narusis & Narusis, of Cary, Jerome Marvin Kaplan, of Batler & Schwartz, of Buffalo Grove, and James F. Driscoll, of Driscoll & Driscoll, of Schaumburg, for appellants.

Robert J. Wagner, of Bishop, Callas & Wagner, of Crystal Lake, Stephen H. Katz, of Schiller, DuCanto & Fleck, of Lake Forest, and Robert M. Ward, of Allegretti & Witcoff, Ltd., and James J. Carroll, of Sidley & Austin, both of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Petitioners Narusis & Narusis, Jerome Kaplan, and Driscoll & Driscoll are legal representatives who appeal from (1) the trial court's finding that it had no jurisdiction to hear a fee petition (Ill. Rev. Stat.

1989, ch. 40, par. 508), and (2) the trial court's dismissal of a section 2—1401 petition. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) Petitioners invoked the fee petition and section 2—1401 as a means of obtaining reconsideration of a previously granted attorney fee petition which, it is alleged, cannot be enforced due to the judgment debtor's disappearance. These two issues were raised as separate appeals but have been consolidated in the interest of judicial economy. We affirm.

This appeal follows many years of litigation over the dissolution of the marriage between 39-year-old Mary Luise Bates and her wealthy husband, George A. Bates, who was in his 70s. Arguments were brought before the trial, appellate and supreme courts of Illinois. In the end, George died and Mary was left with neither property nor maintenance to show for her efforts. Now, before us today, Mary's divorce lawyers seek compensation from George's estate for services they rendered on Mary's behalf. We will provide a brief history before addressing the issues on appeal.

On April 30, 1980, alleging acts of mental cruelty, George A. Bates sued to dissolve his marriage with Mary Luise Bates. Mary, represented by the law firm of Narusis & Narusis (Narusis), opposed dissolution and counterpetitioned for legal separation.

The trial court denied George's request and granted Mary's petition for a legal separation. However, the trial court refused Mary's request that all of Narusis' fees and expenses ($137,179.30) be assessed against George. Instead, the trial court ordered that George pay $50,000 to Narusis and that Mary pay the balance. George appealed the trial court's refusal to dissolve the marriage. Mary cross-appealed the attorney fees ruling, claiming that George should be made to pay all her fees.

On appeal, we ruled that a no-fault divorce should have been granted to George. Because such ruling necessitated a redetermination of attorney fees, we did not then address the assessment of fees. In that appeal, Mary was represented by Narusis and Jerome Marvin Kaplan (Kaplan). *In re Marriage of Bates* (1986), 141 Ill. App. 3d 566.

After the first Bates appeal, Mary retained the law firm of Driscoll & Driscoll (Driscoll) to prosecute a petition for leave to appeal to the supreme court. When the petition was denied, Driscoll, along with Narusis, continued to represent Mary in the trial court.

On September 30, 1986, the trial court on remand entered a bifurcated judgment of dissolution in accordance with the appellate court's mandate. George died on December 28, 1986, after the bifurcated judgment of dissolution was entered but before a final adjudication of property distribution and attorney fees. After George's death, the

trial court erroneously vacated the judgment of dissolution and declared that the dissolution proceedings had abated. The estate of George Bates appealed this decision.

On December 3, 1987, we remanded the case with instructions to reinstate the judgment of dissolution *instanter* and to conduct the hearings on property distribution and attorney fees which had been mandated in the first appeal. *In re Marriage of Bates* (1987), 163 Ill. App. 3d 893.

On October 31, 1988, after the marriage had been dissolved, both parties submitted briefs with respect to the division of property, cash, and attorney fees. On December 1, 1988, a hearing was held on the matter of attorney fees. Among those who requested relief: Driscoll sought $58,787.28; Narusis sought $142,369.45; and Kaplan sought $6,000. The executor opposed the assessment of any of these fees against the estate.

On August 31, 1989, the trial court denied Mary's request that the estate pay her attorney fees and expenses. On September 21, 1989, the trial court entered a final judgment which contained a ruling to this effect. The relevant language was as follows:

"The Respondent [Mary Luise Bates] shall be solely responsible for the payment of her attorney's fees and costs incurred by her in these proceedings. The Estate of George A. Bates shall be solely responsible for the payment of its own attorney's fees and costs, as well as any debts or obligation of the Estate that may exist at this time."

The estate filed an appeal for, among other things, the substantial award of maintenance in gross to Mary. Narusis, Driscoll and Kaplan sought a judgment against Mary for their fees. The trial court granted this motion.

On July 20, 1990, we entered our third opinion in this matter and reversed the post-death maintenance awards. We affirmed *all* other portions of the supplemental judgment of the trial court which included the order that Mary be responsible for her own attorney fees. *Stacke v. Bates* (1990), 200 Ill. App. 3d 85.

On October 10, 1990, Mary filed a motion asking this court to reconsider regarding the assessment of attorney fees. Citing Mary's failure to file a cross-appeal on this matter, we granted the estate's motion to strike Mary's motion to reconsider.

While Mary's motion to reconsider was still pending before this court, she filed a petition for leave to appeal in the supreme court citing error for our failure to remand the case to the trial court for reconsideration of attorney fees. Our supreme court denied Mary's peti-

tion for leave to appeal on this issue. *Stacke v. Bates* (1990), 135 Ill. 2d 567.

In spite of these rulings, Driscoll, Narusis, and Kaplan filed new fee petitions which asked the trial court to reassess their fees against the estate. The trial court found that it was without jurisdiction to entertain the new fee petitions and therefore struck those petitions. Driscoll, Narusis and Kaplan then filed a section 2—1401 petition in order to obtain relief from a final judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) The trial court granted the estate's motion to strike the section 2—1401 petition, and petitioners appealed. We need go no further in discussing the merits of petitioners' position. The trial court was barred from considering the attorney fees petitions by the doctrine of *res judicata* and acted properly in striking the section 2—1401 petition.

In *People v. Mamolella* (1969), 42 Ill. 2d 69, 72, our supreme court set forth the well-established rule that it is "not within the purpose of a [section 2—1401] proceeding *** to [consider claims] which could have been presented in the trial court and on direct review ***. Such claims which might have been raised, but were not, are waived." We find particularly applicable the court's language that "[t]he defendant was represented by an attorney of his own choice and his failure, if any, to exercise care and skill in the trial of the case may not be properly advanced as a basis for reversing the original judgment." (*Mamolella* (1969), 42 Ill. 2d at 72.) Although *Mamolella* is a criminal case, procedurally it is a civil proceeding. The defendant's conviction of a gambling violation was affirmed on appeal, and *certiorari* was denied by the supreme court. Defendant's post-conviction petition to review his conviction was dismissed without a hearing. The supreme court held that the defendant's post-conviction petition to review his conviction was properly denied without a hearing despite his numerous claims of error below because the claims were made through an attorney who had sufficient opportunity to raise such questions on post-trial motion or on direct review. *Mamolella* (1969), 42 Ill. 2d 69.

In the present case Mary failed in her attempt to compel the estate to pay her attorney fees and expenses on August 31, 1989. Instead of cross-appealing the denial of these fees, Narusis, Driscoll and Kaplan sought a judgment against Mary. The trial court unsurprisingly granted this motion. Thus, the attorneys rested on their rights and relied upon Mary as their judgment debtor and her expected award of maintenance in gross as their alleged source of payment. However, these attorneys neglected to recognize that this award in

gross was subject to review and, indeed, was overturned on appeal. As in *Mamolella* we do not view these circumstances as affecting fundamental fairness to the extent that a section 2—1401 petition for review should be granted.

In light of (1) our affirmance of the trial court's order that Mary be responsible for her attorney fees, (2) our refusal to entertain Mary's motion to reconsider the assessment of attorney fees, and (3) our supreme court's denial of Mary's petition for leave to appeal on this matter, the case is, without doubt, *res judicata.* We hold that a section 2—1401 motion cannot be used as a substitute for appeal, nor can it be used to relitigate matters already validly adjudicated. (See *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 778.) According to *Lacey*, the purpose of a post-judgment petition for relief is to "bring before the trial court facts not appearing in the record which, if known to the court at the time judgment was entered, would have prevented its entry." (*Lacey*, 24 Ill. App. 3d at 778.) We determine that a petitioner's difficulty in satisfying a judgment is not the type of fact that would prevent the entry of a judgment which petitioners themselves requested.

Petitioners argue that they were not in a position to cross-appeal the issue of attorney fees because they were granted all that they requested when a judgment in their favor was rendered against Mary for attorney fees. We agree that a cross-appeal is only necessary when affirmative relief is requested. (*Ashton v. Sweeney* (1953), 350 Ill. App. 135, 155.) However, petitioners' contention that their circumstance did not lend itself to a request for affirmative relief is meritless.

Petitioners failed to recognize that there were two distinct judgments below which affected the allocation of attorney fees: (1) the judgment favoring the executor, who opposed the assessment of any fees against the estate; and (2) the judgment granting petitioners' request for the allocation of fees against Mary. The latter, admittedly, was not the proper subject of a cross-appeal because it would simply have sought to sustain the judgment of the trial court. (*People v. Mannino* (1989), 184 Ill. App. 3d 130, 131.) However, the former *did* create the necessity of filing a cross-appeal because it gave rise to circumstances which *would require a request for the reversal or modification of a judgment below.* (*Mannino*, 184 Ill. App. 3d at 131.) Therefore, in order to preserve their rights to make a claim against the estate of George Bates for attorney fees, petitioners should have cross-appealed the judgment denying such fees at the time the estate sought reversal of the maintenance in gross awarded to Mary. Thus,

for the same reason that we denied Mary's motion to reconsider regarding the assessment of attorney fees in the face of her failure to file a cross-appeal on this matter, we also deny petitioners' belated request to reexamine this issue. Furthermore, it logically follows that the rationale behind the invalidity of the section 2—1401 petition is the same rationale that would serve to preclude the action for which the section 2—1401 petition was brought, *i.e.*, it was barred by principles of *res judicata*.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GEIGER and NICKELS, JJ., concur.