NOTICE

Decision filed 07/21/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210038-U

NO. 5-21-0038

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-CF-867 |
| | ) | |
| STANLEY CHAIRS, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order dismissing the defendant's petition for relief from judgment pursuant to 735 ILCS 5/2-1401 (West 2020) is affirmed where the defendant's judgment of conviction and sentence were not void, where the claims raised in his petition were waived and forfeited, and where his claims were without merit.

¶ 2    This case is before this court for the third time. The defendant, Stanley Chairs, appeals *pro se* from the St. Clair County circuit court's dismissal of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4                          A. Conviction and Direct Appeal

¶ 5      In July 2011, the defendant was charged by indictment with one count of first degree murder (720 ILCS 5/9-1(a)(3) (West 2010)). He was accused of killing the victim, Joshua Miller, during the commission of an armed robbery. Prior to trial, the State indicated its intent to seek a firearm sentencing enhancement and to proceed on a theory of accountability against the defendant.

¶ 6      In this appeal, little needs to be said about the evidence adduced at trial. The jury found the defendant guilty of first degree murder and of possessing a firearm during the offense, both by accountability. On May 30, 2013, the trial court sentenced the defendant to a total of 40 years' imprisonment, which included the 15-year mandatory firearm sentencing enhancement, followed by 3 years of mandatory supervised release.

¶ 7      The defendant filed a direct appeal challenging the trial court's denial of his motion to suppress and his sentence. Specifically, the defendant contended that (1) his confession was involuntary because it was compelled by the law enforcement officers' promise of leniency, (2) his confession should have been suppressed because the officers refused to provide him with an attorney after he invoked his constitutional right to counsel, and (3) his 40-year sentence was excessive. This court affirmed the judgment and conviction in *People v. Chairs*, 2015 IL App (5th) 130415-U. The decision in that appeal includes a detailed summary of the evidence presented during the defendant's trial.

¶ 8                    B. The Defendant's Postconviction Petition and Appeal

¶ 9      In January 2017, the defendant filed a *pro se* petition for postconviction relief, alleging, *inter alia*, that his sentence constituted a *de facto* life sentence and that his statement to law

2

enforcement was involuntary. Postconviction counsel was appointed, the petition advanced to second-stage proceedings, and an amended motion was filed. After the State filed a motion to dismiss, postconviction counsel filed a second amended petition alleging four constitutional violations. First, the defendant was denied his right against unreasonable search and seizure. Second, he was denied his fifth amendment rights. Third, he was denied due process and equal protection. Lastly, he was denied his rights against cruel and unusual punishment under the eighth amendment and to proportionate penalties provided by the Illinois Constitution, where he was 18 years old at the time of the crime, had no prior criminal history, was not the shooter, was convicted under a felony murder theory, was sentenced to 40 years' imprisonment, and was similarly situated to defendant in *People v. House*, 2015 IL App (1st) 110580, *appeal denied, judgment vacated*, *People v. House*, No. 122134 (Ill. Nov. 28, 2018) (supervisory order).

¶ 10    The State again filed a motion to dismiss, and a hearing was held. The trial court issued a written order granting the State's motion to dismiss the defendant's second amended petition for postconviction relief. The court specifically indicated that the defendant's fourth amendment claim was not supported by affidavit and therefore waived, and his fifth amendment and sentencing claims were barred by *res judicata*. After the court's ruling, postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 11    Thereafter, the defendant filed a *pro se* motion to reconsider the trial court's dismissal of his postconviction petition and a motion for leave to proceed *pro se*. He later filed an amended motion to reconsider, alleging, *inter alia*, that his postconviction counsel provided unreasonable assistance in violation of Rule 651(c). A hearing was held, and the court subsequently denied the defendant's motion. The defendant appealed. While his appeal was pending in this court, he filed a motion for leave to file a successive postconviction petition, which was denied for failing to meet

3

the cause-and-prejudice standard. The defendant appealed, and this court ordered the appeals consolidated.

¶ 12    In the consolidated appeals, the defendant contended that his postconviction counsel provided unreasonable assistance in violation of Rule 651(c) and that he was entitled to additional postconviction proceedings where the allegations that his constitutional rights were violated were not rebutted by the record. This court affirmed in *People v. Chairs*, 2021 IL App (5th) 180429-U. We found that the defendant failed to rebut the presumption that postconviction counsel complied with Rule 651(c) and provided reasonable assistance during his postconviction proceedings, that the postconviction court did not err in dismissing his postconviction petition, and that the defendant was not entitled to additional postconviction proceedings.

¶ 13            C. The Defendant's Petition for Relief From Judgment

¶ 14    On September 30, 2020, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2020)). The petition alleged that the defendant's judgment of conviction violated the Illinois proportionate penalties clause because the "accountability theory has identical elements as conspiracy and whereas petitioner received the harsher sentence of accountability." The petition additionally alleged that a voidness challenge based on the unconstitutionality of a criminal statute "may be raised at any time."

¶ 15    On November 24, 2020, the State filed a motion to dismiss. The State argued that the petition should be dismissed due to defective service of process. It was also alleged that the petition should be dismissed based upon defects in the defendant's petition. The specific defects asserted were that the defendant did not allege facts unknown to him or the trial court at the time of his trial and sentencing, but instead alleged an error of law; and the defendant's argument regarding the accountability theory and the conspiracy criminal offense was without merit. Lastly,

the State argued that dismissal was warranted where the section 2-1401 petition was untimely filed, the defendant failed to argue any facts that would require excusing the late filing, and the defendant failed to state a legal basis that would support the finding of a void judgment.

¶ 16    On December 11, 2020, the defendant filed a *pro se* response to the State's motion to dismiss.  As to the argument of defective service of process, the defendant argued that the defective service was due to the prison's pandemic response and a failure of the circuit court clerk to serve the State, and that the lack of service should be excused because the State was not prejudiced.  The defendant disputed the State's argument that his pleadings were defective.  The defendant again asserted that his voidness challenge based on the proportionate penalties clause could be "raised at any time."

¶ 17    On December 18, 2020, the trial court dismissed the defendant's petition for relief from judgment pursuant to section 2-1401.  The court found that the defendant's argument that his conviction and sentence were void and in violation of the proportionate penalties clause was spurious and without merit.  The court determined:

> " 'Conspiracy' is in fact a crime under Illinois law, and the elements of that crime are set forth in the statute.  'Accountability', however, is not a separate crime.  It is a theory of liability by which a person can be held accountable for crimes committed by others under certain circumstances.  The crimes for which one can be held accountable run the gamut, and can be as serious as the offense for which the Defendant was held accountable in this case, which was first degree murder.  The Defendant was found guilty of the offense of first degree murder, not the offense of 'accountability'.  He was found guilty of first degree murder, under a *theory* of accountability.  The Defendant's argument that the elements of conspiracy and accountability are identical, therefore, does not hold water."  (Emphasis in original.)

Thus, the court found that the petition failed to show a valid basis to excuse the delay in filing the petition for relief from judgment outside the two-year limitations period.

¶ 18     On January 11, 2021, the defendant filed a *pro se* motion to reconsider the trial court's order granting the State's motion to dismiss his section 2-1401 petition. The court denied the motion to reconsider on January 20, 2021. The defendant appeals.

¶ 19                                    II. ANALYSIS

¶ 20     We review the dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007). Generally, a section 2-1401 petition must be filed within two years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West 2020). However, an exception to the two-year limitations period exists where the judgment of the trial court is void. *Id.* § 2-1401(f). A judgment is void when the court lacked the inherent power to render the judgment or sentence or where the court lacked both personal and subject matter jurisdiction. *People v. Raczkowski*, 359 Ill. App. 3d 494, 496-97 (2005). Another type of voidness challenge involves "a challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio*." *People v. Thompson*, 2015 IL 118151, ¶ 32. This type of voidness challenge does not apply to as-applied constitutional challenges. *Id.* Previously, petitioners could assert a third type of voidness challenge under section 2-1401, which was based on the "void sentence rule." *Id.* ¶ 33. However, the void sentence rule was abolished by our supreme court in 2015, and thus, that type of voidness challenge is no longer valid. *Id.* If the judgment is void, a defendant may attack the judgment at any time. *Raczkowski*, 359 Ill. App. 3d at 497.

¶ 21     Here, the defendant argues that accountability is a separate offense for purposes of the identical elements test under the Illinois proportionate penalties clause; accountability and conspiracy have identical elements, which renders his conviction and sentence void so as to satisfy the voidness exception to the two-year limitation for filing a petition for relief of judgment; and the trial court "erred in not making the identical elements test under the proportionate penalties

6

clause." He does not contend that the trial court lacked personal or subject matter jurisdiction, but that the accountability statute was unconstitutional as applied to him pursuant to the Illinois proportionate penalties clause.

¶ 22    The defendant additionally argues that he has a "fundamental right to bring a constitutional violation of a statute, where there is a remedy to do so." That simply is not true. A judgment must be actually void in order to overcome the two-year time limit. See *id.*; see also *People v. Harvey*, 196 Ill. 2d 444, 447 (2001) (cited for the general principle stated herein, although the void sentence rule discussed in *Harvey* was abrogated in *People v. Castleberry*, 2015 IL 116916). Here, we find that the defendant has failed to establish that the judgment of conviction and sentence were void. First, as previously stated, the void sentence rule has been abolished and is no longer a valid voidness challenge to be raised in a section 2-1401 petition. See *Thompson*, 2015 IL 118151, ¶ 33. Further, the defendant asserted an as-applied challenge, not a facial challenge, to the accountability statute. Thus, he cannot demonstrate that his judgment was void *ab initio* because it was based on a facially unconstitutional statute. See *id.* ¶ 32. Because the judgment of conviction and sentence entered in the defendant's case were not void, the trial court properly dismissed his section 2-1401 petition.

¶ 23    Moreover, we find that the defendant waived and forfeited the accountability issue when he did not raise it during trial or in a prior proceeding. Failure to raise an issue during trial as well as in a posttrial motion constitutes waiver of that issue on appeal. *People v. Coleman*, 227 Ill. 2d 426, 433 (2008). "Waiver" is a voluntary relinquishment of a known right, whereas "forfeiture" is a failure to assert that right. *Gallagher v. Lenart*, 226 Ill. 2d 208, 229-30 (2007). Dismissal is proper where a section 2-1401 petition raises only claims which could have been raised in the trial

7

court or on direct review. *People v. Mamolella*, 42 Ill. 2d 69, 72 (1969); *Stacke v. Bates*, 225 Ill. App. 3d 1050, 1053 (1992).

¶ 24    In this case, when the State provided notice of its intent to proceed on an accountability theory prior to trial, the defendant did not object. The defendant similarly did not object and in fact agreed to the accountability jury instructions. These actions constituted a waiver of the issue. Further, the defendant did not raise the accountability issue in his direct appeal filed August 16, 2013; his petition for relief from judgment on June 17, 2016; his *pro se* and amended postconviction petitions filed on January 12, 2017, June 9, 2017, November 22, 2017, and November 28, 2017; or his appeal from the second-stage dismissal of his amended postconviction petition filed on March 15, 2018. Instead, he asserted different arguments under the proportionate penalties clause. Thus, by not raising the issue before and after the trial, the defendant forfeited this issue. For that reason, dismissal of the defendant's section 2-1401 petition was proper.

¶ 25    Finally, we find it important to note that even if the defendant's petition was timely, and, even if his claims were not waived and forfeited, his argument is founded on a faulty premise and is therefore without merit. It is well settled that " '[a]ccountablity is not in and of itself a crime.' " *People v. Dunbar*, 2018 IL App (3d) 150674, ¶ 26 (quoting *People v. Stanciel*, 153 Ill. 2d 218, 233 (1992)). Rather, accountability "is a mechanism through which a criminal conviction may be reached. *Stanciel*, 153 Ill. 2d at 233. In essence, accountability provides an alternative basis of liability, not an additional basis for liability." *People v. Hicks*, 181 Ill. 2d 541, 547 (1998). The defendant in this case was not convicted of accountability; he was convicted of first degree murder based on a theory of accountability. Therefore, the trial court was not obligated to conduct an identical elements analysis under the proportionate penalties clause. For all the foregoing reasons, the trial court did not err in dismissing the defendant's section 2-1401 petition.

¶ 26                                  III. CONCLUSION

¶ 27     The judgment of the circuit court of St. Clair County is hereby affirmed.


¶ 28     Affirmed.